UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 3:17-cr-124 |
| | ) | | |
| | ) | | Chief Judge Crenshaw |
| | ) | | |
| [1] MARCUS TERMAINE DARDEN | ) | | Magistrate Judge Newbern |
|   a/k/a "MD" | ) | | |
|   a/k/a "Mac MD" | ) | | |
|   a/k/a "Tuff" | ) | | |
|   a/k/a "Mac Tuff" | ) | | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
PRE-TRIAL DETENTION AS TO MARCUS DARDEN**

The United States of America, by and through its attorney, the Acting United States Attorney for the Middle District of Tennessee, respectfully files this supplemental memorandum in support of pre-trial detention as to defendant Marcus Darden, in order to provide the Court with additional information regarding the specific charges against Darden, as well as information regarding the serious danger to the community and risk of flight Darden poses if he were released from custody pending trial in this case.

**I.    Charges and Rebuttable Presumption of Detention**

Darden is charged in this case with Conspiracy to Commit Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (Count One); Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine Hydrochloride, 280 Grams or More of Crack Cocaine, Oxycodone, Methadone, Hydrocodone, and Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count Two); Assault Resulting in Serious Bodily Injury in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count Ten); and Distribution and

Possession with Intent to Distribute Cocaine and Crack Cocaine, including in a school zone, in violation of 21 U.S.C. §§ 841(a)(1) and 860 (Counts Thirteen, Nineteen, and Twenty-One).

There is a rebuttable presumption that Darden should be detained pending trial in this case. 18 U.S.C. § 3142(e)(3)(A) provides that, if the judicial officer finds probable cause to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801, et seq.), it "shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010).

Here, a federal grand jury has indicted Darden with four offenses for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. A rebuttable presumption of detention therefore applies on this basis.

## II.     Gang Affiliation

The above-described charges stem from Darden's long-time association with the Gangster Disciples in Middle Tennessee, a violent criminal enterprise that Darden led between at least 2013 and 2014. Specifically, Darden, who has been a Gangster Disciple since approximately 1998, gained clout with the GDs in the mid-2000s by partnering with co-defendant Rex Whitlock, another Gangster Disciple, to obtain and distribute kilogram quantities of cocaine and crack cocaine from a drug source Whitlock had in Atlanta. Darden served in various leadership roles with the Gangster Disciples, including enforcer; regent over the Clarksville deck; assistant regent for the 615 region, encompassing Middle Tennessee; and regent over the 615 region. As part of the RICO conspiracy in this case, Darden attended regular gang meetings, including those set forth

as overt acts underlying the RICO conspiracy in 2007, 2008, 2012, 2013, and 2014, in Clarksville, Murfreesboro, and Nashville; ordered "violations" of errant gang members, including at a meeting in Nashville in March 2014 alleged as an overt act in furtherance of the RICO conspiracy; and distributed cocaine and crack cocaine, including on dates alleged as predicate acts of racketeering activity in the RICO conspiracy, which reflect dates on which law enforcement conducted controlled buys of narcotics from Darden. In addition, and with respect to the murder of a rival Bloods gang member by GD member and co-defendant Maurice Burks at C-Ray's Social Club in Clarksville on November 3, 2012, Darden, after co-defendant Brandon Hardison notified other GDs that Hardison had been jumped by Bloods earlier that night, coordinated a response by other GDs, and directed GDs who were outside C-Ray's before the murder to enter the club and retaliate against Bloods who were inside.

Darden's ties to the Gangster Disciples are extensive. Numerous witnesses have confirmed Darden's role not just as a member of the Gangster Disciples but as the highest-ranking Gangster Disciple in the 615 region. Darden, moreover, appears to have maintained a public Facebook page, where he has posted numerous photographs of himself flashing GD gang signs, using GD slang, and posing with other GDs. Finally, Darden's current profile photo for his Facebook account depicts him wearing a "Mac'n" sweatshirt; Gangster Disciples members often used nicknames preceded or followed by the acronym "Mac," which had meanings such as "making a change" and "manipulating all conversations."

In addition, Darden has several tattoos which reflect either his role with the Gangster Disciples or his affinity for violence. Darden, for example, has a tattoo of a crown which the label "Don't Down Me Crown Me." Darden also has a tattoo across his chest which reads, "Nobody

- 3 -

Case 3:17-cr-00124   Document 64   Filed 07/05/17   Page 3 of 7 PageID #: 207

Needs Nobody," below which two guns are depicted pointing up, along with the motto "In Glocks I trust." The letter "I" in this phrase is represented by a bullet.

The government has attached several of the above-described Facebook photographs, as well as photographs of some of Darden's tattoos, to this memorandum as Exhibit A.

### III. Darden's Prior Criminal Contacts

In addition to maintaining affiliations with a violent street gang, Darden also has numerous prior contacts with the criminal justice system, including for violent offenses. In June 2000, Darden was arrested in Montgomery County, Tennessee for attempted first-degree murder of a person named Raymarcus Ogan. Darden later pled guilty to attempted second-degree murder in connection with that offense, and was sentenced to 10 years' imprisonment at 30%. In June 2008, Darden was arrested in Indiana for unlawful possession of a firearm by a serious violent felon, possession of a controlled substance (MDMA/ecstasy), and carrying a handgun without a permit. Darden pled guilty to carrying a handgun without a permit as enhanced to a Class C felony, and was sentenced in September 2008 to 3 years' imprisonment, with credit for 103 days served plus 103 days of "good time" credit. And in June 2010, Darden was again arrested in Indiana, for possession with intent to deliver cocaine, felon-in-possession, and carrying a handgun without a permit. He pled guilty to felony possession of cocaine and was sentenced in June 2011 to two years' imprisonment, with credit for 365 days of time served plus 365 days of "good time" credit, and was released from custody. The government has attached copies of the judgment and conviction orders and related paperwork underlying Darden's adult convictions to this memorandum as Exhibit B.

In addition, and according to his NCIC report and other documents, Darden has arrests not resulting in convictions for fourth-degree assault (1996 in KY), possession of a firearm at the time

of a drug offense (1997 in KY), possession of a firearm at the time of a drug offense and unlawful possession of a weapon on school property (1998 in KY), second-degree murder (2008 in TN), going armed as a felon, possession of marijuana, and possession of stolen property (2012 in TN), and evading arrest (2013 in TN). And he is currently on bond as a defendant in a state drug case, in which he faces felony charges for conspiracy to distribute cocaine and money laundering.

## IV.     Risk of Flight

Darden faces serious penalties if convicted of the crimes with which he is charged in this case. On the RICO conspiracy and drug conspiracy counts, for example, Darden faces a maximum penalty of life imprisonment. And on the drug conspiracy count, Darden faces a mandatory minimum term of imprisonment of ten years. These potential penalties serve as powerful motivation for Darden to flee the jurisdiction were he to be released.

## V.     Conclusion

For the foregoing reasons, as well as any reasons which may be set forth at a hearing on this motion, the government respectfully submits that there exists no condition or combination of conditions which would assure the safety of any person or the community, or which would ensure Darden's appearance at his court hearings. Accordingly, the government requests that the Court order Darden detained pending trial.

Respectfully submitted,

JACK SMITH
Acting United States Attorney


By:     /s/ *Ben Schrader*
BEN SCHRADER
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203
(615) 401-6615

- 5 -

Dated: July 5, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2017, I sent a copy of the foregoing via the Court's electronic filing system to Travis Hawkins, Esq., counsel for the defendant.

                                                *s/ Ben Schrader*
                                                BEN SCHRADER
                                                Assistant United States Attorney

- 7 -

Case 3:17-cr-00124   Document 64   Filed 07/05/17   Page 7 of 7 PageID #: 211