```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff              )
                               )  No. 3:17-cr-00124
v.                             )  Chief Judge Crenshaw/Brown
                               )
MARCUS TERMAINE DARDEN, et al.,)
                               )
        Defendants             )
```

## O R D E R

Presently pending before the undersigned Magistrate Judge is the Government's request to require certain of the Defendants to submit to photographing of tattoos (Docket Entry 454). The Defendants Brown and Mitchell have filed notices that they do not object to the motion (Docket Entries 458 and 471). The Government should coordinate with Defendants Brown's and Mitchell's counsel and take the requested photographs.

The Defendant Whitlock has objected (Docket Entry 475); the Defendant Jenkins has objected (Docket Entry 476); the Defendant Burks has objected (Docket Entry 477).

The Defendant Titington has filed a motion (Docket Entry 478) to adopt the Defendant Jenkins's objections (Docket Entry 476). The motion to adopt (Docket Entry 478) is **GRANTED**.

The Defendant Hardison has filed a motion (Docket Entry 479) to adopt codefendants' motions in opposition (Docket Entries 475, 476 and 477). The motion to adopt (Docket Entry 479) is **GRANTED.**

The Defendant Kilgore has filed a notice of no opposition to the motion (Docket Entry 482). The Defendant Luke did not file any response to the Government's motion. The Government should make arrangements with the Defendants Kilgore's and Luke's counsel for the taking of the requested photographs.[1]

The Defendant Darden has filed an opposition to the taking of photographs (Docket Entry 493). The various oppositions drew a lengthy reply from the Government in support of their motion for photographs (Docket Entry 496).

The reply promptly drew a motion to file a surreply by the Defendant Jenkins (Docket Entry 505) and a motion to join the Jenkins motion by the Defendant Burks (Docket Entry 506). These two motions are **GRANTED** and the **Clerk** may file the surreply attached to Jenkins's motion (Docket Entry 505).

**There will be no sur-surreply.**

Concerning the surreply by the Defendant Jenkins, once the Court has disregarded the various sarcastic remarks in the pleading, it does remain that the Government is less than clear about what areas of the body they are requesting to photograph.

After considering all of the voluminous and somewhat verbose pleadings by both sides, the motion (Docket Entry 454) is **GRANTED** with the following restriction: The bodies of the

---

[1] The Defendant Lucas was arrested on June 28, 2018 and has not had time to file any response to the motion to take photographs. This order will apply to him, however given the extensive briefing on the motion, if he believes he has a different argument he may request reconsideration of the order as it applies to him on or before July 24. 2018.

2

Defendants may be photographed while wearing shorts traditionally advertised and sold as briefs. There will be no photographing of the defendants private parts or butts. Defense counsel may be present for the taking of the photographs.

In ruling that the Government is entitled to take the requested photographs, the Magistrate Judge makes no ruling whatever on whether the photographs will be admissible at trial or sentencing. Admissibility is best left for the trial judge and will depend on the circumstances at the time of trial.

In this case, gang membership is a substantial part of the indictment. This fact alone distinguishes the requests for the photographs from the various cases cited by the Defendants where tattoos would not be potentially admissible to prove gang membership, but only to unduly prejudice a jury by the fact that the Defendant was a gang member. Given the nature of the indictment plus the fact that a number of the Defendants have publicly displayed tattoos, even to the extent in one case of transmitting photographs of his tattoos on the internet from prison, establishes that the Government has a good faith basis for making their request. *United States v. Ford*, 761 F.3d 641, 649 (6th Cir. 2014); *U.S. v. Miller*, 48 F. App. 933, 947-48 (6th Cir. 2002).

The undersigned finds that the photographing of the Defendants' tattoos does not violate a Defendants' Fifth Amendment right against self-incrimination. Certainly, requiring a Defendant to provide a blood sample under *Schmerber v. California*, 384 U.S.

3

757, 764 (1966) is more intrusive than simply requiring the Defendant to expose a portion of his anatomy for photographing. It is even less testimonial than requiring a handwriting exemplar under *Gilbert v. California*, 388 U.S. 263, 266-267 (1967), or to provide a voice exemplar under *United States v. Wade,* 388 U.S. 218, 221-223 (1967). As the Supreme Court noted in *United States v. Hubbell*, 530 U.S. 27, 34-35 (2000) there is a significant difference between the use of compulsion to extort communication from a defendant and compelling a person to engage in conduct that may be incriminating. A defendant may be compelled to put on a shirt, give a blood, handwriting or voice sample even if the act provides incriminating evidence. The act of exhibiting such physical characteristics is not the same as a sworn communication by a witness that relates either express or implied assertions or fact or belief. The tattoos are what they are.

  The undersigned has considered the decision in *United States v. Ledbetter*, 188 F.Supp.3d 674 (S.D. Ohio 2016), which held that nonvisible tattoos were protected by the Fifth Amendment. With all due respect that case appears to be contrary to the Supreme Court Cases and Sixth Circuit cases cited above. If tattoos are relevant to the proof in the case and not unduly prejudicial they are admissible and the Government has a right to photograph them. It also appears that the Ledbetter Court was concerned that the Government did not indicate that it wished to display the Defendants' tattoos until the sixth week of a lengthy trial, and

4

after the Defendants had given their opening statements and had cross-examined a majority of the Government's witnesses, including the Government's expert witness on gang culture. At this point the use of pictures of the tattoos would have disrupted the trial and hampered the defense.

The *Ledbetter* case has not been further cited or adopted by other courts as of the date of this order.

The Government has attached a number of photographs showing various tattoos on some of the Defendants.[2] In none of the photographs were any of the Defendants' private parts exposed or photographed. Nothing in this order allows the photographing of a Defendant's private parts.

The Magistrate Judge has considered the various Defendants' motions in oppositions, but for the reasons stated above, believes that Sixth Circuit law permits such photographing.

The Magistrate Judge would note that the Defendant Jenkins in Docket Entry 474 makes some technical objections to the Government's motion that bear attention. It would have been advisable had the government filed a motion and separate memorandum and done so after consulting with defense counsel. The Government's motion was not particularly clear about whether they were requesting to photograph private parts or not. A discussion with counsel could have resolved this issue without numerous pages of

---

[2]It would have been helpful had the Government taken a little more care in filing their exhibits to insure that all of the photographs were displayed right side up.

5

briefing being expended on what the Magistrate Judge considers a nonissue since photographs of private parts will not be allowed.

While the Government could have provided affidavits and proceeded by way of search warrants, it does not appear under current case law that a search warrant is required. The Government has provided substantial evidence in the form of their exhibits of the type and nature of the tattoos on various of the Defendants' bodies and the likelihood of additional tattoos being present. The Defendants have not provided any information that the photographs submitted by the government are not accurate. In this case the exhibits speak for themselves and lead to an altogether reasonable conclusion that additional tattoos are present, or have been added, since the original tattoos were made.

The Defendant Burks makes an additional argument that *Dawson v. Delaware*, 503 U.S. 159, 162, should be read to prohibit the use of gang membership tattoos. The *Dawson* case dealt with the use of tattoos in the penalty phase of a capital case where gang membership was not an element of the crime. This is not at this point a capital case, although that possibility remains open[3]. In *Dawson* the Court was careful to limit the holding to the facts of the case. The Court at 164-65 cited *United States v. Abel*, 469 U.S. 45 (1984), where the Court held that the Government could impeach

---

[3] Hopefully, the Attorney General will resolve that issue expeditiously, although it does appear that the Defendants who may be subject to the death penalty are seeking additional time to prepare for any such hearing with the Attorney General.

6

a defense witness by showing both the defendants and the witness were members of the Aryan Brotherhood and that members were sworn to lie on behalf of each other. The Court in *Abel* held that this evidence was admissible to show bias, even assuming that membership in organizations was protected by the First Amendment.

The Court concluded that the Constitution did not erect a *per se* barrier to the admission of evidence concerning one's membership in associations at sentencing simply because those beliefs and associations were protected by the First Amendment. *Dawson* at 164-165. The defendant in the *Dawson* case was not charged with an offense which required or allowed proof of gang membership as such for the conviction. The proof of the Aryan Brotherhood was introduced solely in the penalty phase and the Court found it was not relevant there.

In this case the evidence of gang membership may well be relevant and admissible during the guilt or innocence phase of the case.

For the reasons stated above, the motion Docket Entry 454 is **GRANTED** with the limitations noted.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

7