IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 3:17-cr-00124 |
| v. | ) |
| | ) Chief Judge Crenshaw |
| | ) |
| MARCUS TERMAINE DARDEN, *et al.* | ) |

**GOVERNMENT'S MOTION IN LIMINE TO PERMIT THE INTRODUCTION OF DEFENDANTS' PRIOR CONVICTIONS AND TO PRECLUDE ANY JURY NULLIFICATION ARGUMENTS AT TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the Middle District of Tennessee, and the U.S. Department of Justice, Organized Crime and Gang Section, moves in limine (1) to permit the introduction of certain judgments of prior convictions pursuant to Federal Rules of Evidence 803(22) and 902(1), and (2) to preclude any jury nullification arguments at trial. In support of its request, the government sets forth as follows:

**I.  Applicable Law Regarding Admission of Judgments of a Previous Conviction Under Federal Rules of Evidence 803(22) and 902(1)**

By the instant filing, the government moves to introduce several court judgments in this case as admissible and self-authenticating documents. The government moves to introduce these documents for two purposes: (A) for defendants charged with violations of Title 18, United States Code, Section § 922(g)(1), to establish that the charged defendant had been convicted of a crime punishable by imprisonment for more than a year prior to the date of the alleged possession; and (B) for defendants charged with RICO Conspiracy, as direct evidence of the racketeering enterprise, defendants' involvement in that enterprise and charged racketeering conspiracy, and various overt acts and racketeering acts.

1

Admission of these documents is governed by Federal Rules of Evidence 803(22) and 902(1). Federal Rule of Evidence 803 lists the exceptions to the Rule Against Hearsay. Rule 803(22), which applies to "Judgment[s] of a Previous Conviction," provides that "[e]vidence of a final judgment of conviction" is admissible under this exception if:

(A) the judgment was entered after a trial or guilty plea, but not a nolo contendere plea;
(B) the conviction was for a crime punishable by death or by imprisonment for more than a year;
(C) the evidence is admitted to prove any fact essential to the judgment; and
(D) when offered by the prosecutor in a criminal case for a purpose other than impeachment, the judgment was against the defendant.

Rule 902(1), in turn, provides that "domestic public documents that are sealed and signed" are "self-authenticating," meaning that they "require[s] no extrinsic evidence of authenticity in order to be admitted." Under this Rule, such documents include documents that "bear[] (A) a seal purporting to be that of . . . any state, district, [or] commonwealth . . . [or] a political subdivisions . . . and (B) a signature purporting to be an execution or attestation."

### A. Defendants Charged with Violations of Title 18, United States Code, Section 922(g)(1)

#### 1. Maurice BURKS

Defendant Maurice BURKS is charged, in Count Ten, with Unlawful Possession of Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), in connection with the recovery of Winchester .45 caliber ammunition from the scene of the murder of M.W. in C-Ray's nightclub on or about November 3, 2012. To prove this count, the government must establish that BURKS had been convicted of a crime punishable by imprisonment for more than a year prior to November 3, 2012.

The government has attached as Exhibit A a certified copy of the Montgomery County, Tennessee Circuit Court judgment for BURKS's September 13, 2006, felony drug trafficking

2

conviction in case number 40600772. That crime is punishable by imprisonment for more than one year. This document also includes the attestation of Circuit Court Clerk Cheryl J. Castle that the judgment "is a true and correct copy of the original instrument on file in this case." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

The government has attached as Exhibit B a certified copy of the Todd County, Kentucky Circuit Court judgment and related documents for BURKS's November 22, 2006, felony drug trafficking conviction in case number 05-cr-61. That crime is punishable by imprisonment for more than one year. These documents also include the attestation of Circuit Court Clerk Mark Cowherd that the judgment is a "true copy of the original record of this office." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

The government has attached as Exhibit C a certified copy of the Todd County, Kentucky Circuit Court judgment and related documents for BURKS's November 22, 2006, felony drug trafficking conviction in case number 05-cr-64. That crime is punishable by imprisonment for more than one year. These documents also include the attestation of Circuit Court Clerk Mark Cowherd that the judgment is a "true copy of the original record of this office." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

The government has attached as Exhibit D a certified copy of the Montgomery County, Tennessee Circuit Court judgment for BURKS's June 7, 2010, felony drug trafficking conviction in case number 41000249. That crime is punishable by imprisonment for more than one year. This document also includes the attestation of Circuit Court Clerk Cheryl J. Castle that the judgment "is a true and correct copy of the original instrument on file in this case." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

### 2.     DeCarlos TITINGTON

Defendant DeCarlos TITINGTON is charged, in Count Thirty-Four, with Unlawful Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), in connection with his possession of a Glock, model 19, 9mm pistol at a Mini Mart in Clarksville on or about December 23, 2014. To prove this count, the government must establish that TITINGTON had been convicted of a crime punishable by imprisonment for more than a year prior to December 23, 2014.

TITINGTON is also charged, in Count Forty-One, with Unlawful Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), in connection with his possession of the same Glock during an encounter with police on or about February 15, 2015. To prove this count, the government must establish that TITINGTON had been convicted of a crime punishable by imprisonment for more than a year prior to February 15, 2015.

The government has attached as Exhibit E a certified copy of the Montgomery County, Tennessee Circuit Court judgment for TITINGTON's January 8, 1999, felony drug trafficking conviction in case number 36609. That crime is punishable by imprisonment for more than one year. This document also includes the attestation of Circuit Court Clerk Cheryl J. Castle that the judgment "is a true and correct copy of the original instrument on file in this case." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

The government has attached as Exhibit F a certified copy of the Montgomery County, Tennessee Circuit Court judgment for TITINGTON's September 30, 2003, felony drug trafficking conviction in case number 40300360. That crime is punishable by imprisonment for more than one year. This document also includes the attestation of Circuit Court Clerk Cheryl J. Castle that the

judgment "is a true and correct copy of the original instrument on file in this case." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

The government has attached as Exhibit G a certified copy of the Crawford County, Arkansas Circuit Court judgments for TITINGTON's October 14, 2003, felony theft conviction and felon in possession of a firearm conviction in case number CR-2003-156. Those crimes are punishable by imprisonment for more than one year. These documents also include the attestation of Circuit Court Clerk Sharon Blount-Baker that the judgments are "true cop[ies] of the original[s]." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

### 3. Derrick KILGORE

Defendant Derrick KILGORE is charged, in Count Forty-Four, with Unlawful Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), in connection with his possession of a Sig Sauer 9mm pistol and 9mm ammunition during an encounter with police on or about June 18, 2017. To prove this count, the government must establish that KILGORE had been convicted of a crime punishable by imprisonment for more than a year prior to June 18, 2017.

The government has attached as Exhibit H a certified copy of the Todd County, Kentucky Circuit Court judgment and related documents for KILGORE's August 22, 2008, felony drug trafficking conviction in case number 08-cr-00027. This crime is punishably by imprisonment for more than one year. These documents also include the attestation of Circuit Court Clerk Mark Cowherd that the judgment is a "true and correct copy of" this judgment. This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

The government has attached as Exhibit I a certified copy of the Montgomery County, Tennessee Circuit Court judgment for KILGORE's March 6, 2009, felony drug trafficking convictions in case number 40800713. These crimes are punishable by imprisonment for more than one year. This document also includes the attestation of Cheryl J. Castle that the judgment "is a true and correct copy of the original instrument on file in this case." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

### B. Defendants Charged in Count One (RICO Conspiracy)

#### 1. Applicable Law Regarding Double Jeopardy in the Context of a RICO Conspiracy Prosecution and in a Subsequent Federal Prosecution

The Double Jeopardy Clause of the Fifth Amendment commands that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects a criminal defendant from being tried twice for the same offense. *United States v. Dinitz*, 424 U.S. 600, 606 (1976). The presumption is that "where two statutory provisions proscribe the 'same offense,' a legislature does not intend to impose two punishments for that offense." *United States v. Pego*, 567 F. App'x 323, 328 (6th Cir. 2014) (quoting *Rutledge v. United States*, 517 U.S. 292, 297 (1996)).[1]

---

[1] Defendant DeCarlos TITINGTON has been charged with firearms offenses and with multiple attempted murder and assault with a dangerous weapon in aid of racketeering offenses in connection with his alleged attempted murder of two members of the Vice Lords gang on December 23, 2014. TITINGTON pled guilty in state court to aggravated assault and a weapons offense in connection with this incident. The Supreme Court has consistently held, however, that the Double Jeopardy Clause does not bar successive federal and state prosecutions for offenses arising from the same acts. *See United States v. Wheeler*, 435 U.S. 313 (1978); *United States v. Lara*, 541 U.S. 193 (2004); *Abbate v. United States*, 359 U.S. 187 (1959); *Bartkus v. Illinois*, 359 U.S. 121 (1959); *United States v. Lanza*, 260 U.S. 377 (1922). The rationale underlying this rule lies in the concept of "dual sovereignty." The dual sovereignty doctrine provides that although a defendant may not be prosecuted twice by the same sovereign for the same offense, "two identical offenses are not the same offense within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns." *Heath v. Alabama*, 474 U.S. 82, 92 (1985). "[T]he federal government [has] an interest, independent of any state interest, to ensure that an individual who is believed to have violated a federal statute is prosecuted for that violation." *United States v. Talley*, 16 F.3d 972, 974 (8th Cir. 1994). The Supreme Court recently considered this issue again in *United States v. Gamble*, 694 F. App'x 750 (11th Cir. 2017), *cert. granted*, 138 S. Ct. 2707 (2018). Oral argument was held on December 6, 2018.

Defendants charged in the RICO conspiracy, however, are not being prosecuted for crimes for which they were previously convicted in state or federal court. Rather, they are being prosecuted, in part, for their participation in a conspiracy to commit racketeering activity. RICO conspiracy and drug conspiracy charges are manifestly different crimes than individual firearm- and narcotics-related offenses of which some defendants have previously been convicted. Indeed, Congress enacted the RICO statute to supplement, rather than replace, existing predicate crimes and penalties. *United States v. Kehoe*, 310 F.3d 579, 588 (8th Cir. 2002) (citing *United States v. Crosby*, 20 F.3d 480, 484 (D.C. Cir. 1994)). RICO criminalizes "the furthering of the enterprise, not the predicate acts." *Id*. (quoting *United States v. Martino*, 648 F.2d 367, 381 (5th Cir. 1981)).

This Court affirmed these principles in its Memorandum Opinion and Omnibus Order of November 2, 2018, wherein it denied BURKS's motion to preclude evidence of overt acts previously adjudicated in federal court. (DN 823, p. 9-15). In its ruling, this Court cited an abundance of federal jurisprudence to affirm the fact that "[t]he RICO offense 'is not, in any commonsense or literal meaning of the term, the 'same' offense as one of the 'overt acts.'" *Id.* at 13. Defendants' prior convictions, moreover, are admissible as evidence that is "inextricably intertwined" with the charged RICO conspiracy. In its Opinion and Order, this Court affirmed that prior "Rule 404(b) analysis is not necessary for determining the admissibility of intrinsic evidence in a RICO case." *Id.* at 23.

The government is introducing evidence of defendants' prior convictions as direct evidence of the racketeering enterprise and of defendants' involvement in that enterprise and charged racketeering conspiracy. The Sixth Circuit has affirmed use of prior convictions for this purpose. *See United States v. Tocco*, 200 F.3d at 417-18 (6th Cir. 2000) (upholding the district court's

---

As further described below, however, the instant prosecution does not implicate the Double Jeopardy Clause.

admission of a judgment of conviction entered in a prior prosecution, finding the defendant guilty of an offense that was charged as a RICO predicate act).

Although prior convictions are admissible in RICO conspiracy cases, the government retains the burden of proving beyond a reasonable doubt that particular defendants committed the racketeering act(s) at issue. The jury should thus be instructed that it may consider evidence of the judgment of conviction along with other evidence to determine whether the government proved that the defendant committed the racketeering act(s) at issue. The jury must not be instructed that the judgment of conviction itself establishes that the defendant committed the racketeering act at issue. Indeed, in *Tocco*, the Sixth Circuit distinguished *United States v. Pelullo*, 14 F.3d 881 (3d Cir. 1994), in holding that such an instruction would be error. In *Pelullo*, the Third Circuit held that the district court violated the defendant's right to a jury trial when it instructed the jury that evidence of a judgment of conviction, entered in a prior prosecution finding the defendant guilty of a wire fraud offense that was charged as a predicate racketeering act, established "as a matter of law, the defendant has committed the wire fraud offense described in Racketeering Act 60," and that the jury need not "consider whether the government has proved this offense." *Id.* at 887. Thus, the Third Circuit ruled that the district court erred in collaterally estopping the defendant from contesting his commission of the disputed racketeering act. In *Tocco*, the Sixth Circuit agreed, explaining that the district court did not give a collateral estoppel instruction that foreclosed the defendant from contesting his commission of the disputed racketeering act, as was done in *Pelullo*, but instead merely admitted the prior judgment of conviction to be considered by the jury along with other evidence of the defendant's commission of the disputed racketeering act.

Consequently, defendants' prior convictions are admissible at trial as proof of predicate racketeering acts. The government retains the burden of establishing that the named defendant

committed the predicate act reflected in the prior conviction, and the jury should be instructed how and for what purpose they should consider such evidence. This approach—not arguments aimed at jury nullification or misrepresentation of the law, as outlined below—respects the defendants' right to a jury trial, ensures that the burden remains on the government, and comports with Sixth Circuit jurisprudence.

### 2. Maurice BURKS

Overt Act "x" in Count One alleges that, on or about February 4, 2010, defendant Maurice BURKS possessed with intent to distribute and distributed cocaine in Hopkinsville, Kentucky.

Overt Act "y" in Count One alleges that, on or about February 26, 2010, BURKS possessed with intent to distribute and distributed cocaine in Hopkinsville, Kentucky.

And Overt Act "z" in Count One alleges that, on or about December 17, 2010, BURKS possessed with intent to distribute and distributed cocaine in Hopkinsville, Kentucky.

The government has attached as Exhibit J a copy of the Western District of Kentucky judgment reflecting BURKS's federal drug trafficking convictions in case number 5:13-CR-54-1-TBR arising from offenses occurring on February 4, 2010, February 26, 2010, and December 17, 2010. These crimes are punishable by imprisonment for more than one year. At present, the government only possesses a copy of the judgment that is available on the public docket. The government will be obtaining a certified copy of this judgment, however, and filing a motion with the Court to permit its introduction under Rules 803(22) and 902(1).

### 3. DeCarlos TITINGTON

Overt Act "sss" in Count One alleges that, on or about December 23, 2014, defendant DeCarlos TITINGTON shot at, and attempted to kill, Person 6 and Person 7, members of the Vice Lords gang, in Clarksville, Tennessee.

The government has attached as Exhibit K a certified copy of the Montgomery County, Tennessee Circuit Court judgments and related documents for DeCarlos TITINGTON's December 23, 2014, aggravated assault with a deadly weapon and possession of a weapon by a convicted felon in the commission of a dangerous felony convictions in case number 2015-CR-226. These crimes are punishable by imprisonment for more than one year. These documents also include the attestation of Circuit Court Clerk Cheryl J. Castle that the judgment "is a true and correct copy of the original instrument on file in this case." This judgment is thus admissible and self-authenticating under Rules 803(22) and 902(1).

### 4. Rex WHITLOCK

Overt Act "t" in Count One alleges that, on or about August 22, 2008, defendant Rex WHITLOCK and another member of the Gangster Disciples possessed with intent to distribute approximately eight kilograms of cocaine in Georgia.

The government has attached as Exhibit L a copy of the Northern District of Georgia judgment reflecting WHITLOCK's federal drug trafficking convictions in case number 4:08-CR-044-01-RLV arising from an offense occurring on August 22, 2008. This crime is punishable by imprisonment for more than one year. At present, the government only possesses a copy of the judgment that is available on the public docket. The government will be obtaining a certified copy of this judgment, however, and filing a motion with the Court to permit its introduction under Rules 803(22) and 902(1).

### II. Applicable Law Regarding Jury Nullification

Jury nullification is "the *de facto* ability of the jury to refuse to apply the law as instructed by the court, choosing instead to acquit out of compassion or compromise or because of their assumption of a power which they had no right to exercise, but to which they were disposed

through lenity." *Standefer v. United States*, 447 U.S. 10, 22 (1980). Defendants are not entitled to offer evidence and testimony for the sole purpose of inviting jury nullification. *United States v. Castro*, 411 F. App'x 415, 420 (2d Cir. 2011). In *Castro*, the defendant sought the admission of his unredacted guilty plea to state charges stemming from shootings charged in his federal indictment, along with testimony of the former assistant district attorney responsible for that prosecution. *Id*. The Second Circuit affirmed the district court's exclusion of the evidence and its reasoning that the evidence was not relevant to the jury's consideration of the charges in the federal indictment. *Id*. The district court also expressed concern that such evidence could invite jury nullification because the defendant had already been convicted of charges arising from the shootings in state court. *Id*.

Accordingly, while jurors may ignore both law and evidence in a rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power. *See United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir.1983). Moreover, argument urging disregard for the law, as instructed by the Court, willfully calls on jurors to violate the oath taken when they were initially sworn in prior to trial. Therefore, a trial judge may block defense attorneys' attempts to "serenade a jury with the siren song of nullification." *United States v. Sepulveda,* 15 F.3d 1161, 1190 (1st Cir. 1993).

Here, defendants should be excluded from arguing to the jury or encouraging an impermissible inference by the jury that, because they have been convicted and sentenced for the same or similar conduct in another jurisdiction, they should not be held accountable in the instant case. Such argument or inference would be particularly inappropriate here where this Court, supported by well-established federal jurisprudence, has affirmed that "[t]he RICO offense 'is not, in any commonsense or literal meaning of the term, the 'same' offense as" one of the charged overt

11

acts or predicate racketeering acts. *Id.* at 13. The sole issue before the jury is whether Defendants are guilty of the crimes charged against them in the Third Superseding Indictment. Arguments at trial should therefore focus on that issue and that issue only. *See United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988) (approving district court's refusal to give jury nullification instruction, and reasoning that to give such an instruction "would have undermined the impartial determination of justice based on law"); *United States v. Newman*, 743 F. Supp. 533, 535 (M.D. Tenn. May 29, 1990) ("A defendant in a criminal proceeding is not entitled to have a nullification instruction submitted to the jury").

WHEREFORE, for the foregoing reasons, as well as for any reasons which may be set forth at a hearing on this motion, the government respectfully requests that the Court permit the government to introduce the judgments of prior convictions, pursuant to Federal Rules of Evidence 803(22) and 902(1), and exclude any argument or inference by defendants that would encourage jury nullification.

        Respectfully submitted,

        DONALD Q. COCHRAN
        United States Attorney

By:   */s/ Ben Schrader*
      BEN SCHRADER
      Assistant United States Attorney
      Middle District of Tennessee

      DAVID L. JAFFE
      Chief, Organized Crime and Gang Section
      Criminal Division
      U.S. Department of Justice

By:   */s/ Ivana Nizich*
      IVANA NIZICH

Trial Attorney, Organized Crime and Gang Section

By: */s/ Shauna Hale*
SHAUNA HALE
Trial Attorney, Organized Crime and Gang Section

Dated: January 23, 2019

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2019, I electronically served one copy of the United States' Motion in Limine to Permit the Introduction of Defendants' Prior Convictions and to Preclude Any Jury Nullification Arguments at Trial with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for the defendants.

*/s/ Ben Schrader*
BEN SCHRADER
Assistant United States Attorney